**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENDRICK BANGS KELLOGG,<br><br>                            Plaintiff,<br><br>v.<br><br>JULIE WILSON, *et al.*,<br><br>                            Defendants. | Case No. 17-cv-00353-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND**<br><br>**(2) DISMISSING COMPLAINT *SUA SPONTE* FOR FAILURE TO STATE A CLAIM** |

**I.    BACKGROUND**

    **A.    *Kellogg v. Olsen*, Case No. 16-cv-0640**

On March 15, 2016, Plaintiff filed a lawsuit against Christine Olsen, who he alleged was "Chief IRS District Tax—Court Counsel"; John Koskinen in his capacity as the Commissioner of the IRS; and the Tax Division of the United States Department of Justice. *Kellogg v. Olsen*, No. 16-cv-0640-BAS-JLB (S.D. Cal. filed Mar. 15, 2016) ("Olsen Action"). The Complaint was titled "Motion for Order to Return Property Social Security Benefits Plus Interest, Summary Judgment." (Olsen Action, ECF No. 1.) Plaintiff amended this Complaint twice—adding as Defendants

Guen Kissel, an IRS Examiner and Patricia Crawford, an IRS Appeals Officer. The Second Amended Complaint alleged "illegal taking of [Plaintiff's] social security property." (Olsen Action, ECF No. 13 at ¶ 22.)

In his Complaints, Plaintiff appeared to be seeking a refund of Social Security benefits levied by the IRS. The United States moved to substitute the United States as the only proper Defendant and then moved to dismiss arguing: (1) the United States was not properly served; (2) no *Bivens* action exists for alleged constitutional violations in the assessment and collection of taxes; (3) the statute of limitations had run to the extent Plaintiff was seeking a tax refund; and (4) res judicata and collateral estoppel prevented Plaintiff from re-litigating tax years and issues determined in prior tax court cases. (Olsen Action, ECF No. 39.)

Plaintiff failed to respond to this Motion to Dismiss. Under Civil Local Rule 7.1(f)(3)(c), the Court construed Plaintiff's failure to oppose the motion as consent to granting it and, thus, the Court granted the Motion to Dismiss without prejudice. (Olsen Action, ECF No. 44.) Plaintiff failed to amend his Complaint after dismissal, and judgment was entered in favor of the Defendants. (Olsen Action, ECF No. 45.)

### B. *Kellogg v. Wilson*, Case No. 17-cv-0353

Plaintiff now files this 82-page Complaint against Julie Wilson, who he alleges "worked as [an] IRS/FBI agent for Tax Division, Department of Justice"; Janet Summerfield and/or Alice Cojerean, who he alleges is "an agent, paralegal, owns a house . . . in the jurisdiction of this court under the name Alice Cojerean"; Lance Williamson and Guen Kissel, who "worked for Tax Court as tax examiners"; Christine Olsen, who "worked as Counsel for Tax Court" but passed away; and Patricia Crawford, who is alleged to be an IRS Appeals Officer. (Compl. ¶¶ 2–6, ECF No. 1.)

If anything, this Complaint is even more difficult to decipher than the Complaints filed in the last case. It is titled "for illegal taking of Kellogg's Social

Security plus interest, 4th, 7th, 14th rights." (Compl. 1:7–9.) Plaintiff files what purports to be thirty-four causes of action—largely revolving around alleged improper handling of his tax returns from the 1990's—but he also mentions actions taken by his ex-wife in Divorce Court in 1993 and Defendants':

> false representation, pretense, harassment, silence, refusing to provide their EIN and/or ID, tapping, coverups, threats, coercion, manipulation, trespassing, fraud, assumption, mental stress such as anxiety, depression, paranoia, no sleep, valuable time wasted for constructing the School, invasion of privacy, misuse of a provision act in the Patriot Act, obtaining private information without a warrant, did violate mandatory rules of the IRS Restructuring and Reform Act of 1988 . . . ruining the Public's benefit for an organic School or Architecture with Kellogg as Manager . . . .

(*Id.* ¶ 9(1) & (2).)

## II. ANALYSIS

### A. Motion for Leave to Proceed IFP

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the

remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Having read and considered Plaintiff's application, the Court finds that he meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff has no income other than Social Security income. (IFP Motion ¶ 1, ECF No. 2.) He lists his monthly income as $1,914.00 and his monthly expenses as $2,150.00. (*Id.* ¶¶ 1, 8.) He does not own an automobile, real estate, or any other significant asset. (*Id.* ¶ 5.) His savings consists of $2,111.00 in cash, which presumably he will need for his monthly expenses. (*Id.* ¶ 4.) Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

Therefore, the Court **GRANTS** Plaintiff's application for leave to proceed IFP (ECF No. 2).

### B. Screening Under 28 U.S.C. § 1915(e)(2)
#### 1. Failure to State a Claim

A complaint filed by a plaintiff proceeding *in forma pauperis* is subject to screening under 28 U.S.C. § 1915(e)(2). *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam). This provision requires the court to review the complaint and dismiss the action if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

To determine whether the action must be dismissed under the second ground— a failure to state a claim—the court applies "the familiar standard of Federal Rule of Civil Procedure 12(b)(6)." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Further, the court has an obligation where the plaintiff "is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court, however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." *Id.*

If a *pro se* complaint fails to meet this standard, the court should not dismiss the action "without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " *Rosati*, 791 F.3d at 1039 (quoting *Akhtar*, 698 F.3d at 1212).

### 2. Res Judicata

"Claim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action. *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009). "Issue preclusion, or collateral estoppel, 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.' " *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 858 (9th Cir. 2016) (quoting *Taylor v.*

*Sturgell*, 553 U.S. 880, 892 (2008)). A court may raise these issues *sua sponte*. *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993).

"[W]hen a party has completely failed to respond to a motion without good cause, granting a motion [to dismiss] . . . may be considered a determination 'on the merits.' " *Young v. United States*, 65 F.3d 177, 1995 WL 499504, at *1 (9th Cir. 1995) (memorandum decision) (quoting *Howard v. Lewis*, 905 F.2d 1318, 1324 (9th Cir. 1990)). This is so because a failure to respond to a motion without good cause is construed as consent to the granting of the motion on the grounds pleaded. *Id.* Thus, in *Young*, the Ninth Circuit found the plaintiff was properly barred, under the doctrine of res judicata, from re-filing a complaint after an earlier complaint with the same allegations was dismissed when the plaintiff failed to respond to the defendant's motion to dismiss. *Id.*

### 3. Plaintiff's Allegations

Far from well-pleaded factual allegations, the allegations in this Complaint are far-flung and often undecipherable. Plaintiff, once again, alleges that he was wrongfully assessed taxes and that his Social Security was wrongfully seized. (Compl. ¶ 40.) He seeks return of his Social Security property. (*Id.* ¶ 11.) These issues were litigated in the earlier case.

In that earlier case, Defendants brought a motion to dismiss arguing, among other things, that the claims were barred by the statute of limitations, barred by the doctrines of res judicata and collateral estoppel, and defective because no *Bivens* action exists for alleged constitutional violations in the assessment and collection of taxes. (Olsen Action, ECF No. 39.) Plaintiff did not respond to this Motion to Dismiss. Thus, the Court construed his failure to respond as a consent to grant the motion. The Court granted the Motion to Dismiss without prejudice. (Olsen Action, ECF No. 45.) Plaintiff neither filed an amended complaint nor filed an appeal from this decision.

To the extent Plaintiff now seeks to bring claims again alleging that he was wrongfully assessed taxes and that his Social Security was wrongfully seized, the claims are barred by the doctrines of res judicata and collateral estoppel and must be dismissed. *See Young*, 1995 WL 499504, at *1.

Plaintiff also adds allegations about "damages for the School" (Compl. ¶ 11), remodeling of a home (*id.* ¶ 41), and "time wasted for the construction of the School" (*id.* ¶ 47)—as well as various other conspiracies, theories of bugging, and entrapment. The Court is simply unable to decipher the grounds of Plaintiff's claim. Therefore, to the extent Plaintiff is alleging additional claims that were not alleged in the first case, the Court finds Plaintiff fails to state a claim upon which relief may be granted.

## III. CONCLUSION

The Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), but **DISMISSES SUA SPONTE** the Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2). To the extent Plaintiff is attempting to allege that he was wrongfully assessed taxes and his Social Security was wrongfully seized, the Complaint is dismissed **WITH PREJUDICE**. To the extent Plaintiff is seeking to add additional claims, the Complaint is dismissed **WITHOUT PREJUDICE**. If Plaintiff can correct the deficiencies identified in his Complaint, he may file a First Amended Complaint no later than May 8, 2017.

**IT IS SO ORDERED.**

**DATED: April 19, 2017**

Hon. Cynthia Bashant
United States District Judge