# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRICK BANGS KELLOGG,<br><br>     Plaintiff,<br><br>v.<br><br>JULIE WILSON, *et al.*,<br><br>     Defendants. | Case No. 17-cv-00353-BAS-AGS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTIONS FOR EMERGENCY RELIEF (ECF Nos. 12, 14); AND**<br><br>**(2) DISMISSING ACTION AS FRIVOLOUS UNDER 28 U.S.C. § 1915(e)(2)** |

  Plaintiff Kendrick Bangs Kellogg is proceeding *pro se*—without an attorney. Previously, the Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP")—without prepaying court fees or costs—but dismissed his Complaint for failing to state a claim. (ECF No. 6.) *See also* 28 U.S.C. § 1915(e)(2). Plaintiff has since filed a First Amended Complaint (ECF No. 8) and two motions seeking emergency relief (ECF Nos. 12, 14). For the following reasons, the Court denies Plaintiff's emergency motions and dismisses his First Amended Complaint as frivolous under 28 U.S.C. § 1915(e)(2).

## I. Motions for Emergency Relief

Presently before the Court are two motions filed by Plaintiff seeking emergency relief. First, Plaintiff filed an "Immediate Request for Motion from the Court." (ECF No. 12.) Plaintiff includes in this request a fictional newspaper article from the *Road Runner News* titled: *Is the Justice Department Stealing Tractors Now?* Plaintiff asks in the article why the U.S. Department of Justice is allegedly "out of the blue" allowing its "agents and/or [its] informa[nts] to take those large yellow crawler John Deere tractors" from a property purportedly near Palomar Mountain in northern San Diego County. He further alleges the Justice Department's "agents and/or informers" have threatened him and may take "things that [Plaintiff] needs for court and to live." Thus, Plaintiff seeks an "immediate court order" against the Justice Department to "not allow agents and/or informers, and/or others to cause any more injury/damages to [Plaintiff]."

Second, Plaintiff filed an "Emergency Notice to the Court Only." (ECF No. 14.) In this notice, Plaintiff alleges the Justice Department's "agents and/or informants . . . are now controlling all communications" and he "is on target now . . . to have anything happen to [Plaintiff] (death included), to stop [Plaintiff] from going to trial by jury." Plaintiff therefore "formally deman[d]s 100% protection from the Court from now on" and requests the Court "com[m]unicate by land only!"

The Court construes Plaintiff's requests as seeking injunctive relief. To obtain this relief, Plaintiff must demonstrate that (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). An injunction is an extraordinary remedy that is proper only if the requirements for injunctive relief are satisfied. *Id.* at 22. Here, having reviewed Plaintiff's requests, the Court finds Plaintiff does not meet his burden of demonstrating "he is likely to

suffer irreparable harm in the absence of preliminary relief." *See id.* at 20. Consequently, the Court denies his motions for emergency relief.

## II.     Screening Under 28 U.S.C. 1915(e)

Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." An IFP complaint "is frivolous if it has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)). This standard grants the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Consequently, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. These outlandish claims are those "with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. Thus, district courts have dismissed as frivolous an assortment of complaints containing clearly baseless factual allegations. *See, e.g.*, *Frost v. Vasan*, No. 16-cv-05883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (secret conspiracy involving a U.S. Senator, a university, and the CIA); *Suess v. Obama*, No. CV 17-01184-JAK (DTB), 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (conspiracy involving former President Barack Obama, the CIA, and the FBI); *Demos v. United States*, 2010 WL 4007527,

at *2 (D. Ore. Oct. 8, 2010) (kidnapping involving law enforcement officers disguised as pirates).

In addition, an IFP complaint "that merely repeats pending or previously litigated claims" is subject to dismissal as frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming dismissal of plaintiff's claims as "frivolous or malicious" where the plaintiff's four previous actions concerning the same issue were dismissed for lack of subject matter jurisdiction).

Here, the Court previously dismissed Plaintiff's Complaint for failing to state a claim. (ECF No. 6.) Specifically, the Court noted Plaintiff's claims that (i) he was wrongfully assessed taxes and (ii) his Social Security was wrongfully seized had already been dismissed in a prior case and were therefore barred by the doctrines of res judicata and collateral estoppel. (*Id.*) Plaintiff repeats these same claims in his First Amended Complaint. (*See* ECF No. 8.) Thus, the Court finds the portion of Plaintiff's First Amended Complaint that discusses these claims "merely repeats pending or previously litigated claims" and is subject to dismissal as frivolous. *See Cato*, 70 F.3d at 1105 n.2; *Franklin*, 745 F.2d at 1230.

Further, the Court finds Plaintiff's remaining allegations regarding illegal entrapment, his state court divorce proceedings in the early 1990s, damages to a "school," and various IRS and Department of Justice conspiracies to be clearly baseless. *See Denton*, 504 U.S. at 32–33; *Neitzke*, 490 U.S. at 328. The Court will therefore also dismiss the remainder of Plaintiff's First Amended Complaint as frivolous. *See Neitzke*, 490 U.S. at 325; *see also* 28 U.S.C. § 1915(e)(2)(B)(i); *DeRock v. Sprint-Nextel*, 603 F. App'x 556, 558 (9th Cir. 2015) (affirming dismissal of nine actions as either frivolous or failing to state a claim because the plaintiff alleged "unsupported legal conclusions and fanciful factual allegations"). In addition, because the First Amended Complaint is frivolous, the Court does not grant Plaintiff

leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motions for emergency relief (ECF Nos. 12, 14). Further, because Plaintiff's First Amended Complaint (ECF No. 8) merely repeats claims that were previously dismissed or contains factual allegations that are clearly baseless, the Court **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS SO ORDERED.**

**DATED: July 11, 2017**

Hon. Cynthia Bashant
United States District Judge